

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-87,582-01

### EX PARTE RODNEY EARL MILLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-29,905-A IN THE 244th DISTRICT COURT
### FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child by contact and sentenced to fifteen years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Miller v. State*, No. 11-11-00350-CR (Tex. App.—Eastland Oct. 10, 2013) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because he failed to explain the consequences of pleading guilty in exchange for deferred adjudication, prepare a defense, investigate facts and leads, investigate the results of a sexual assault test kit, interview the victim,

and investigate witness reports and statements.

Applicant also alleges he is actually innocent. Specifically, Applicant states that subsequent tests, conducted as part of a hearing pursuant to Chapter 64 of the Code of Criminal Procedure, exclude him as the perpetrator in this case.

Applicant also alleges that the State withheld material and exculpatory evidence prior to the entrance of his plea of guilty.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002); *Brady v. Maryland*, 373 US 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether subsequent DNA testing shows that Applicant is actually innocent of committing the offense in this case. The trial court shall also make findings of fact and conclusions

of law as to whether the State withheld material and exculpatory evidence in this case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 15, 2017
Do not publish